The People of the State of New York ex rel. William J. Rodgers, Appellant, *v.* Bird S. Coler, as Comptroller of the City of New York, and James P. Keating, as Commissioner of Highways, Respondents.

*New York city — bids must be opened by the officer advertising for them — if not so opened no action thereon can be compelled.*

Under section 64 of the Consolidation Act (Chap. 410, Laws of 1882, as amended by chap. 327, Laws of 1893), providing that "All bids or proposals shall be publicly opened by the officers advertising for the same and in the presence of the comptroller, but the opening of the bids shall not be postponed if the comptroller shall, after due notice, fail to attend," the commissioner of street improvements of the twenty-third and twenty-fourth wards in the city of New . York must be present at the opening of the bids advertised for by him, and the opening of bids in his absence by his secretary is a nullity.

Where. the commissioner has not been present at the opening of the bids he cannot be compelled to return to the comptroller the bid of the lowest bidder, nor can the comptroller be required to pass upon the sufficiency of the sureties upon such bid.

Appeal by the relator, William J. Rodgers, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of August, 1898, denying the relator's motion for a peremptory writ of mandamus directing and commanding the respondent James P. Keating, as commissioner of highways of the city of New York, to return to the respondent Bird S. Coler, as comptroller of the city of New York, the bid made by the relator for regulating, etc., Woodlawn road from Jerome avenue to Bronx park, and further directing said respondent Bird S. Coler to pass upon the sufficiency of the sureties upon such bid.

From the papers used upon the motion it appears that Louis F. Haffen, then commissioner of street improvements of the twenty-third and twenty-fourth wards in the city of New York, advertised for bids for the regulating and grading of Woodlawn road from Jerome avenue to Bronx park, which bids were to be opened on the 31st day of December, 1897.

Haffen being absent from his office at the time fixed for the open-

ing of the bids, Joseph P. Hennessey, the secretary of said commissioner, opened them. Haffen then notified the comptroller that the relator was the lowest bidder, and the latter was accordingly notified to present his sureties to the comptroller for approval.

On the 1st day of January, 1898, the office of commissioner of street improvements of the twenty-third and twenty-fourth wards was abolished by section 526 of the Greater New York charter (Chap. 378, Laws of 1897), which took effect upon that day, and all the powers, privileges and duties of said office, which in any way related to the regulating and grading of streets, were devolved upon the commissioner of highways.

Upon the comptroller and deputy comptroller learning of the fact that Commissioner Haffen was not present at the opening of the bids, a letter was sent to the commissioner of highways notifying him that the relator's sureties were not approved for that reason, and the commissioner of highways, upon the receipt of this communication, rejected all of the bids, " believing it to be for the best interest of the city of New York."

Section 64 of the Consolidation Act (Chap. 410, Laws of 1882), as amended by chapter 327 of the Laws of 1893, which was in force at that time, provided : " All bids or proposals shall be publicly opened by the officers advertising for the same and in the presence of the comptroller, but the opening of the bids shall not be postponed if the comptroller shall, after due notice, fail to attend."

*L. Laflin Kellogg,* for the appellant.

*Theodore Connoly,* for the respondents.

Van Brunt, P. J. :

It seems to us upon a reading of the statute that it was the intention of the Legislature that there should be no relaxation of the requirement that all bids or proposals should be publicly opened by the officer or officers advertising for the same. This is not only explicitly required by the language of the statute, but the fact that there is also a requirement that such opening shall take place in the presence of the comptroller, followed by the further provision that the opening of the bids shall not be postponed if the comptroller shall, after due notice fail to attend, emphasizes the inten-

tion that such opening should not take place except in the presence of the officers advertising for the bids or proposals. The absence of the comptroller may be excused, but the absence of the officer advertising for the bids cannot be dispensed with. The Legislature has been explicit in stating whose absence after due notice shall not postpone the opening of the bids. It was manifestly intended that the other officers mentioned in the statute must of necessity be present.

These provisions are salutary in their nature and intended to prevent the manipulation of bids before they come to the hands of the officer who is to report the same to the comptroller; and there being no provision for action in the absence of certain officers, procedure without their presence is manifestly irregular and contrary to law.

Under the conceded facts, therefore, the opening of the bids in the case at bar was a nullity. The provisions of law were not complied with, and the subsequent action of the commissioner of street improvements was entirely without authority. He had no power to waive the requirements of the statute and to make that legal which was clearly prohibited by the provisions of law.

The only other question which remains to be considered is whether this objection can be taken by the comptroller at the present time, or whether it should be determined when the application for a contract is presented. We think city officials cannot be called upon to do any act in furtherance of procedure which had no legal inception. The commissioner of street improvements having no authority to make any report to the comptroller, the court should not compel the comptroller to act thereon.

The order should be affirmed, with costs.

BARRETT, RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.